■ BANK OF AMERICA, N.A., Respondent, v RALPH DESTINO, Also Known as RALPH DESTINO III, Appellant, et al., Defendants. [29 NYS3d 56]—

In an action to foreclose a mortgage, the defendant Ralph Destino, also known as Ralph Destino III, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Budd, J.), dated January 17, 2014, as, upon granting the plaintiff's motion, inter alia, pursuant to CPLR 3217 (b) to discontinue the action without prejudice, denied those branches of his cross motion which were for an award of an attorney's fee pursuant to Real Property Law § 282 or, in the alternative, for leave to amend his answer to include a counterclaim for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage. After the defendant Ralph Destino, also known as Ralph Destino III (hereinafter Destino), interposed an answer, the plaintiff moved, inter alia, pursuant to CPLR 3217 (b) to discontinue the action without prejudice. Destino cross-moved for, among other things, an award of an attorney's fee in the amount of $25,251.29 pursuant to Real Property Law § 282 or, in the alternative, for leave to amend the answer to include a counterclaim for an award of an attorney's fee. The Supreme Court granted the plaintiff's motion and denied those branches of Destino's cross motion. Destino appeals from those portions of the order.

Real Property Law § 282 provides that "[w]henever a covenant contained in a mortgage on residential real property shall provide that . . . the mortgagee may recover attorneys' fees and/or expenses incurred as the result of the failure of the mortgagor to perform any covenant or agreement contained in such mortgage . . . there shall be implied in such mortgage a covenant by the mortgagee to pay to the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor . . . in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract" (Real Property Law § 282 [1]).

Here, the voluntary discontinuance of this action pursuant to CPLR 3217 (b) was without prejudice and there was no

substantive determination on the merits of either the plaintiff's cause of action or Destino's defenses. Accordingly, Destino was not a prevailing party for the purpose of Real Property Law § 282 and was not entitled to an award of an attorney's fee for a "successful defense" of this foreclosure action (Real Property Law § 282 [1]; see *DKR Mtge. Asset Trust 1 v Rivera*, 130 AD3d 774 [2015]). Hall, J.P., Roman, LaSalle and Barros, JJ., concur.