U.S. Bank N.A. v Davids (2020 NY Slip Op 06309)





U.S. Bank N.A. v Davids


2020 NY Slip Op 06309


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-06390
2018-13656
 (Index No. 511592/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Dale Davids, respondent, et al., defendants.


Gross Polowy, LLC, Williamsville, NY (Stephen J. Vargas of counsel), for appellant.
Cardenas Islam & Associates, PLLC, Jamaica, NY (Barak P. Cardenas of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 9, 2017, and (2) a judgment of the same court dated September 28, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendant Dale Davids which were pursuant to CPLR 3211(a)(5) to dismiss the first cause of action insofar as asserted against him as time-barred and to cancel a notice of pendency filed against the subject property. The judgment, upon the order, is in favor of the defendant Dale Davids and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Dale Davids.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On September 10, 2007, the plaintiff commenced an action, inter alia, to foreclose a mortgage on real property in Brooklyn against the defendant Dale Davids (hereinafter the defendant), among others. In the complaint, the plaintiff elected to call due the entire amount secured by the mortgage. The plaintiff made an application to discontinue that action, and the action was dismissed in 2012.
On July 8, 2016, the plaintiff commenced this action, inter alia, to foreclose the mortgage. The defendant moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the first cause of action, seeking to foreclose the mortgage, insofar as asserted against him as time-barred and to cancel the notice of pendency filed against the subject property. In an order dated May 9, 2017, the Supreme Court granted those branches of the defendant's motion. A judgment dated September 28, 2018, was entered, upon the order, dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see [*2]CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see Milone v US Bank N.A., 164 AD3d 145, 154).
Here, the defendant established that the six-year statute of limitations began to run on the entire debt on September 10, 2007, when the plaintiff commenced the prior foreclosure action and elected in the complaint to call due the entire amount secured by the mortgage. Since the plaintiff did not commence this action until July 8, 2016, the defendant sustained his prima facie burden on his motion (see Freedom Mtge. Corp. v Engel, 163 AD3d at 632-633).
In opposition, the plaintiff failed to raise a question of fact. Contrary to the plaintiff's contention, the plaintiff's voluntary discontinuance of the prior action did not, on its own, constitute an affirmative act of revocation (see Aquino v Ventures Trust 2013-I-H-R by MCM Capital Partners, 172 AD3d 663; Freedom Mtge. Corp. v Engel, 163 AD3d at 633). Accordingly, we affirm the judgment.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court