U.S. Bank N.A. v Davids (2021 NY Slip Op 04989)





U.S. Bank N.A. v Davids


2021 NY Slip Op 04989


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-06390
2018-13656
 (Index No. 511592/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Dale Davids, respondent, et al., defendants. DECISION & ORDER Motion by the appellant, in effect, for leave to renew appeals from an order of the Supreme Court, Kings County, dated May 9, 2017, and a judgment of the same court dated September 28, 2018, which were determined by decision and order of this Court dated November 4, 2020, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further, ORDERED that the branch of the motion which is, in effect, for leave to renew is granted, and, upon renewal, the decision and order of this Court dated November 4, 2020 (see U.S. Bank N.A. v Davids, 188 AD3d 755), is recalled and vacated, and the following decision and order is substituted therefor:

Gross Polowy, LLC, Williamsville, NY (Stephen J. Vargas and Reed Smith LLP [Andrew B. Messite and James N. Faller], of counsel), for appellant.
Cardenas Islam & Associates, PLLC, Jamaica, NY (Barak P. Cardenas of counsel), for respondent.
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 9, 2017, and (2) a judgment of the same court dated September 28, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendant Dale Davids which were pursuant to CPLR 3211(a)(5) to dismiss the first cause of action as time-barred and to cancel a notice of pendency filed against the subject property. The judgment, insofar as appealed from, upon the order, is in favor of the defendants and against the plaintiff dismissing the first cause of action.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, those branches of the motion of the defendant Dale Davids which were pursuant to CPLR 3211(a)(5) to dismiss the first cause of action as time-barred and to cancel a notice of pendency filed against the [*2]subject property are denied, the first cause of action is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On September 10, 2007, the plaintiff commenced an action, inter alia, to foreclose a mortgage on real property in Brooklyn against the defendant Dale Davids (hereinafter the defendant), among others. In the complaint, the plaintiff elected to call due the entire amount secured by the mortgage. The plaintiff made an application to discontinue that action, and the action was dismissed in 2012.
On July 8, 2016, the plaintiff commenced this action, inter alia, to foreclose the mortgage. The defendant moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the first cause of action, seeking to foreclose the mortgage, as time-barred and to cancel the notice of pendency filed against the subject property. In an order dated May 9, 2017, the Supreme Court, inter alia, granted those branches of the defendant's motion. A judgment dated September 28, 2018, was entered upon the order, among other things, dismissing the first cause of action. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). In the case of an installment loan, a separate cause of action accrues as to each missed payment, but once the debt is accelerated, the limitations period begins to run on the entire debt (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "[W]here the maturity of the debt has been validly accelerated by [the] commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19).
Here, the defendant established that the mortgage debt was accelerated in 2007, when the plaintiff commenced the prior foreclosure action and elected in the complaint to call due the entire amount secured by the mortgage. However, the defendant's motion papers also included a particular affirmation that the plaintiff submitted in support of its request for a voluntary discontinuance in the prior action and the order rendered thereon. The defendant's evidence that the debt was accelerated by commencement of the prior action, which was later discontinued voluntarily, failed to demonstrate, prima facie, that an action to foreclose the subject mortgage was time-barred (see id.).
Accordingly, we reverse the judgment insofar as appealed from, reinstate the first cause of action, and deny those branches of the defendant's motion which were pursuant to CPLR 3211(a)(5) to dismiss the first cause of action as time-barred and to cancel the notice of pendency filed against the subject property.
DILLON, J.P., BARROS, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court