U.S. Bank N.A. v Krakoff (2021 NY Slip Op 06209)





U.S. Bank N.A. v Krakoff


2021 NY Slip Op 06209


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-06956
2019-02466
 (Index No. 3456/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Michael Krakoff, et al., appellants, et al., defendants.


Gail M. Blasie, P.C., Garden City, NY (Arnold M. Bottalico of counsel), for appellants.
Stein Wiener & Roth LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael Krakoff and Diane M. Krakoff appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 6, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered December 18, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael Krakoff and Diane M. Krakoff, to strike those defendants' answer, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee' report, and directed the sale of the subject premises.
ORDERED that the appeal from the order entered April 6, 2018, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, and the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants Michael Krakoff and Diane M. Krakoff.
The appeal from the order entered April 6, 2018, must be dismissed, because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On May 22, 2006, the defendant Michael Krakoff executed a note in the amount of $600,000 in favor of nonparty Mortgage Lenders Network USA, Inc. The note was secured by a mortgage on certain real property located in Nassau County. The mortgage was signed by both Michael Krakoff and the defendant Diane M. Krakoff (hereinafter together the Krakoffs).
Thereafter, the mortgage was assigned to US Bank NA. In 2008, US Bank NA commenced an action to foreclose the mortgage against the Krakoffs, among others (hereinafter the 2008 action). US Bank NA moved to discontinue the 2008 action, and in an order entered July 9, 2010, the Supreme Court granted the motion.
Subsequently, the mortgage was assigned to the plaintiff. On May 11, 2016, the plaintiff commenced the instant action to foreclose the mortgage against the Krakoffs, among others. On August 23, 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Krakoffs, to strike the Krakoffs' answer, and for an order of reference. The Krakoffs opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. In support of the cross motion, the Krakoffs submitted the complaint in the 2008 action. They further submitted the order entered July 9, 2010, granting US Bank NA's motion to discontinue the 2008 action.
In an order entered April 6, 2018, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the Krakoffs, to strike the Krakoffs' answer, and for an order of reference, and denied the Krakoffs' cross motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The court found that the 2008 action was "voluntarily discontinued . . . and the acceleration was revoked."
By notice of motion dated July 13, 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The Krakoffs opposed the motion, arguing, inter alia, that the plaintiff failed to comply with RPAPL 1304.
In an order and judgment of foreclosure and sale entered December 18, 2018, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject premises. The court found, inter alia, that "[t]he defendant is now barred from raising allegations disputing the plaintiff's compliance with RPAPL 1304." The Krakoffs appeal from the order entered April 6, 2018, and the order and judgment of foreclosure and sale.
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Acceleration may occur, inter alia, by the commencement of a foreclosure action (see Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670).
"A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070). "[W]here acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32).
Here, the Krakoffs established that the mortgage debt was accelerated in 2008, when US Bank NA commenced the 2008 action and elected to call due the entire amount secured by the mortgage. However, the Krakoffs also submitted in support of their cross motion the order entered July 9, 2010, granting US Bank NA's motion to discontinue the 2008 action. The discontinuance [*2]of the 2008 action in 2010 constituted an affirmative act of revocation of the acceleration of the debt within the six-year limitation period. Therefore, the instant action is timely (see Freedom Mtge. Corp. v Engel, 37 NY3d 1; U.S. Bank N.A. v Davids, ___ AD3d ___, 2021 NY Slip Op 04989 [2d Dept]), and the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the Krakoffs, to strike the Krakoffs' answer, and for an order of reference, and properly denied the Krakoffs' cross motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
However, the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, because the plaintiff failed to establish that it complied with RPAPL 1304. Contrary to the plaintiff's contention, failure to comply with RPAPL 1304 is a defense that may be raised at any time prior to the entry of judgment of foreclosure and sale (see Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 837; Wells Fargo Bank, N.A. v Merino, 173 AD3d 491), and thus, the Krakoffs properly raised it in opposition to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]).
Here, the plaintiff failed to establish that it complied with the requirements of RPAPL 1304. The affidavits of Armenia L. Harrell and La'Shana Farrow, both of whom are officers of Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the servicing agent of the plaintiff, were insufficient to establish that the plaintiff complied with RPAPL 1304. Both Harrell and Farrow attested that they were familiar with Wells Fargo's records and record-keeping practices. Farrow averred, inter alia, that the plaintiff complied with RPAPL 1304 by mailing the required notices. The record indicates that the 90-day notices appear to have been mailed by ASC (America's Servicing Company). However, neither Harrell or Farrow attest that they personally mailed the notices or that they were familiar with the mailing practices and procedures of ASC. Therefore, they failed establish proof of standard office practice and procedures designed to ensure that items are properly addressed and mailed (see U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 757; LNV Corp. v Sofer, 171 AD3d 1033). Moreover, the plaintiff failed to send individually addressed notices to each borrower; rather, the 90-day notices were jointly addressed to the Krakoffs (see Wells Fargo Bank, N.A. v Yapkowitz, ___ AD3d ___, 2021 NY Slip Op 05139 [2d Dept]).
Contrary to the Krakoffs' contention, they are not entitled to an award of an attorney's fee pursuant to Real Property Law § 282, as they have not established that they are a "prevailing party" within the meaning of that statute (see Bank of Am., N.A. v Destino, 138 AD3d 654, 654-55).
The Krakoffs' remaining contentions are academic in light of our determination.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court