Scarso v Wilmington Sav. Fund Socy., FSB (2021 NY Slip Op 06875)





Scarso v Wilmington Sav. Fund Socy., FSB


2021 NY Slip Op 06875


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2019-03737
 (Index No. 150771/18)

[*1]Francesco Scarso, individually and as administrator of the estate of Rita Scarso, appellant, 
v
Wilmington Savings Fund Society, FSB, respondent, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Gregg L. Verrilli of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated March 15, 2019. The order denied the motion of the plaintiff, Pietro Scarso, and Rita Scarso, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Wilmington Savings Fund Society, FSB, and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In 2008, the plaintiff, Francesco Scarso, along with Pietro Scarso and Rita Scarso (hereinafter collectively the homeowners) executed a consolidated note and mortgage encumbering certain real property located in Staten Island. On July 31, 2009, BAC Home Loans Servicing, LP (hereinafter BAC), the predecessor in interest of the defendant Wilmington Savings Fund Society, FSB (hereinafter the defendant), commenced an action to foreclose the mortgage (hereinafter the 2009 action). On November 27, 2012, the Supreme Court granted BAC's unopposed motion to discontinue the 2009 action and to cancel the notice of pendency.
In 2018, the homeowners commenced this action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage due to the expiration of the statute of limitations. The homeowners thereafter moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, arguing that the statute of limitations began to run when the mortgage debt was accelerated by the commencement of the 2009 action. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated March 15, 2019, the Supreme Court denied the homeowners' motion and granted the defendant's cross motion. This appeal ensued. Pietro Scarso and Rita Scarso have since died. By decision and order on motion of this Court dated June 28, 2021, Francesco Scarso was substituted for the deceased plaintiffs Pietro Scarso and Rita Scarso, and the caption was amended accordingly.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced (see id.; Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). In the case of an installment loan, a separate cause of action accrues as to each missed payment, but once the debt is accelerated, the limitations period begins to run on the entire debt (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[W]here the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19).
Here, the homeowners established that the mortgage debt was accelerated when BAC commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage. However, the homeowners' motion papers also included a certain affirmation that BAC had submitted in support of its motion for a voluntary discontinuance and the order rendered thereon. The homeowners' evidence that the debt was accelerated by commencement of the 2009 action, which was later discontinued voluntarily, failed to demonstrate, prima facie, that an action to foreclose the subject mortgage was time-barred (see id. at 19).
Based on the same evidence, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that the statute of limitations had not run on the entire debt when this action was commenced in 2018 (see 21st Mtge. Corp. v Rivera, 195 AD3d 985, 987; Mills v Deutsche Bank Natl. Trust Co., 193 AD3d 922, 922). In opposition, the homeowners failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly denied the homeowners' motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, and properly granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court