Stanley v DeJesus (2022 NY Slip Op 02995)





Stanley v DeJesus


2022 NY Slip Op 02995


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2020-02253
 (Index No. 506414/17)

[*1]Morgan Stanley, etc., appellant, 
v
Juan DeJesus, respondent, et al., defendants.


Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
The Silber Law Firm, LLC, New York, NY (Meyer Y. Silber of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 13, 2020. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Juan DeJesus, to strike his answer, and to appoint a referee to compute the amount due and owing to the plaintiff, and granted the cross motion of the defendant Juan DeJesus for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, the cross motion of the defendant Juan DeJesus for summary judgment dismissing the complaint insofar as asserted against him is denied, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Juan DeJesus, to strike his answer, and to appoint a referee to compute the amount due and owing to the plaintiff.
In 2006, the defendant Juan DeJesus (hereinafter the defendant) executed a note and mortgage encumbering certain real property located in Brooklyn. In August 2010, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2010 action). Thereafter, by notice of motion dated May 28, 2013, the plaintiff moved to discontinue the 2010 action. The motion was unopposed. In an order dated July 26, 2013 (hereinafter the order of discontinuance), the Supreme Court, inter alia, granted the plaintiff's unopposed motion and directed that the 2010 action be discontinued.
In February 2017, the plaintiff commenced this action to foreclose the mortgage action against, among others, the defendant. The defendant interposed an answer in which he asserted, among other things, an affirmative defense that this action was time-barred.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and to appoint a referee to compute the amount due and owing to the plaintiff. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him, contending, among other things, that the statute of limitations began to run in 2010, such that the instant action, [*2]commenced in 2017, was time-barred. In an order dated January 13, 2020, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]; see Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, affd 34 NY3d 250). However, "where the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19).
Here, although the mortgage debt was accelerated by the commencement of the 2010 action, that action was voluntarily discontinued by the plaintiff pursuant to the order of discontinuance. As the order of discontinuance established that the acceleration of the debt was revoked, the defendant failed to establish, prima facie, that the instant action is time-barred (see Freedom Mtge. Corp. v Engel, 37 NY3d at 19; U.S. Bank N.A. v Krakoff, 199 AD3d 859; U.S. Bank N.A. v Davids, 197 AD3d 1203,1204-1205). Accordingly, the Supreme Court should have denied the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. In light of our determination, we need not address the plaintiff's additional contention.
Since the only basis given by the Supreme Court for denying the plaintiff's motion was the court's determination that the action was time-barred, we remit the matter to the Supreme Court, Kings County, for consideration of the other issues raised on the plaintiff's motion and thereafter a new determination of the plaintiff's motion.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court