J.P. Morgan Mtge. Acquisition Corp. v Gonzalez (2022 NY Slip Op 02985)





J.P. Morgan Mtge. Acquisition Corp. v Gonzalez


2022 NY Slip Op 02985


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2018-13938
 (Index No. 705097/17)

[*1]J.P. Morgan Mortgage Acquisition Corp., respondent,
v
Jorge E. Gonzalez, etc., et al., appellants, et al., defendants.


Silberzweig & Sznitken, Brooklyn, NY (David Silberzweig and Benjamin N. Fink of counsel), for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jorge E. Gonzalez and Maria Zapata appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated September 28, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference and, in effect, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 8, 2007, the defendant Jorge E. Gonzalez executed a note in the sum of $637,500 in favor of nonparty Fairmont Funding Ltd. (hereinafter Fairmont), which was secured by a mortgage on certain real property in Queens. The mortgage was executed by Jorge E. Gonzalez and the defendant Maria Zapata (hereinafter together the defendants). On October 26, 2009, nonparty J.P. Morgan Chase Bank, N.A. (hereinafter Chase), Fairmont's successor in interest, commenced an action to foreclose the mortgage against, among others, the defendants (hereinafter the prior action). In an order dated November 25, 2014, the Supreme Court granted Chase's unopposed motion to discontinue the prior action.
On April 13, 2017, J.P. Morgan Mortgage Acquisition Corp. (hereinafter the plaintiff), Chase's successor in interest, commenced the instant action to foreclose the mortgage against, among others, the defendants. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The plaintiff opposed the motion, and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated September 28, 2018, the Supreme Court, among other things, in effect, denied the defendants' motion and granted those branches of the plaintiff's cross motion. The defendants appeal.
A action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due[,] and the [*2]Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867 [internal quotation marks omitted]; see 21st Mtge. Corp. v Rudman, 201 AD3d 618). Acceleration may occur, among other ways, by the commencement of a foreclosure action (see Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). "[W]here acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32; see U.S. Bank N.A. v Davids, 197 AD3d 1203, 1204).
Here, although the defendants established that the mortgage debt was accelerated by the commencement of the prior action in October 2009, the defendants' motion papers also demonstrated that the prior action was voluntarily discontinued in November 2014. Thus, the defendants failed to establish, prima facie, that the instant action to foreclose the mortgage was time-barred (see U.S. Bank N.A. v Davids, 197 AD3d at 1205; Wells Fargo Bank, N.A. v Islam, 193 AD3d 1016, 1018).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly, in effect, denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred, and granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted the defendants and for an order of reference.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court