Deutsche Bank Natl. Trust Co. v Pariser (2022 NY Slip Op 04534)

Deutsche Bank Natl. Trust Co. v Pariser

2022 NY Slip Op 04534

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2018-04512 
2019-04193
 (Index No. 33700/15)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Michael B. Pariser, et al., appellants, et al., defendants.

Solomon Rosengarten, Brooklyn, NY, for appellants.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Michael B. Pariser and Rachel Pariser appeal from (1) an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated March 19, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated February 25, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The order and judgment of foreclosure and sale, upon the order, inter alia, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.

DECISION & ORDER
By order to show cause dated October 21, 2021, the parties to the appeals were directed to show cause why an order should or should not be made and entered dismissing the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion dated January 21, 2022, this Court held the motion in abeyance and referred the motion to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael B. Pariser and Rachel Pariser, to strike their answer, and for an order of reference are denied, and the order is modified accordingly; and it is [*2]further,
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On December 22, 2006, the defendants Michael B. Pariser and Rachel Pariser (hereinafter together the defendants) executed a note in favor of American Brokers Conduit, promising to repay a loan in the principal sum of $499,900. As security for the note, the defendants executed a mortgage encumbering real property located in Spring Valley. The plaintiff became the owner and holder of the note and mortgage through a series of assignments. The defendants allegedly defaulted on their mortgage obligations by failing to make the payment due in April 2008 and each subsequent payment.
In September 2008, the plaintiff commenced a mortgage foreclosure action against the defendants (hereinafter the 2008 action). The 2008 action was discontinued by stipulation of the parties in September 2009.
In August 2015, the plaintiff commenced the instant mortgage foreclosure action. Following joinder of issue, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
By order dated March 19, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and denied the defendants' cross motion. In an order and judgment of foreclosure and sale dated February 25, 2019, the court, among other things, granted the plaintiff's motion to confirm the referee's report and directed the sale of the property.
The Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). In the case of an installment loan, a separate cause of action accrues as to each missed payment, but once the debt is accelerated, the limitations period begins to run on the entire debt (see U.S. Bank N.A. v Davids, 197 AD3d 1203, 1204; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). Acceleration may occur, inter alia, by the commencement of a foreclosure action (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22; Milone v US Bank N.A., 164 AD3d 145, 152).
A noteholder may revoke its election to accelerate the mortgage by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070, citing EMC Mtge. Corp. v Patella, 279 AD2d 604, 606). "[W]here acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d at 32).
Here, the defendants established that the mortgage debt was accelerated in 2008, when the plaintiff commenced the 2008 action and elected, in the complaint, to call due the entire amount secured by the mortgage (see Pennymac Corp. v Smith, 199 AD3d 820, 822; U.S. Bank N.A. v Davids, 197 AD3d at 1204). However, in opposition, the plaintiff established that the acceleration [*3]was revoked as a matter of law in September 2009, when the 2008 action was voluntarily discontinued. Therefore, contrary to the defendants' contention, the statute of limitations had not run on the entire debt when the present action was commenced (see Freedom Mtge. Corp. v Engel, 37 NY3d at 32; U.S. Bank N.A. v Davids, 197 AD3d at 1204; Citibank, N.A. v Kletzky, 196 AD3d 459, 461).
However, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. Strict compliance with RPAPL 1304 is a condition precedent to the commencement of a residential mortgage foreclosure action (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 132-133; Bank of N.Y. Mellon v Porfert, 187 AD3d 1110, 1112). "'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (US Bank N.A. v Haliotis, 185 AD3d 756, 758, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "'[P]roof of the requisite mailing . . . can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 866, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Here, the plaintiff failed to establish, prima facie, that RPAPL 1304 notices were mailed to each defendant by certified and first-class mail. The affidavit submitted in support of the plaintiff's motion does not contain an attestation that the affiant had personal knowledge of the purported mailings nor does the affiant attest to knowledge of the mailing practices of the Law Offices of McCabe, Weisberg, and Conway, P.C., the entity that allegedly sent the notices to the defendants on behalf of the loan servicer (see U.S. Bank N.A. v Hammer, 192 AD3d 846, 849; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658). Moreover, the plaintiff failed to submit an affidavit of service or any document from the United States Postal Service establishing that the mailing actually occurred (see U.S. Bank, N.A. v Zientek, 192 AD3d 1189, 1191; U.S. Bank N.A. v Hammer, 192 AD3d at 848-849; M & T Bank v Barter, 186 AD3d 698, 701).
The plaintiff's submission also failed to demonstrate that the RPAPL 1304 notices allegedly sent to the defendants contained the requisite list of five housing counseling agencies serving the region in which the subject property is located, i.e., the Mid-Hudson region (see RPAPL former 1304[2]). Here, the list of housing counseling agencies annexed to the copy of the RPAPL notice submitted in support of the plaintiff's motion included five agencies, three of which are located outside of the Mid-Hudson region. Although the list indicates that two of those three agencies serve "all of New York State," there is no evidence in the record to indicate the regions served by the third agency. Thus, the plaintiff failed to establish, prima facie, that all five of the agencies serve the Mid-Hudson region (see U.S. Bank N.A. v Gordon, 202 AD3d 872; US Bank N.A. v Gurung, 196 AD3d 617, 618; US Bank N.A. v Haliotis, 185 AD3d at 578).
The plaintiff further failed to establish that the RPAPL 1304 notices were sent by the "lender, assignee, or loan servicer" as required by the statute (see RPAPL 1304[1]). Here, the RPAPL notices were allegedly sent on August 7, 2014, by the Law Offices of McCabe, Weisberg, and Conway, P.C., on behalf of Ocwen Financial, the plaintiff's loan servicer. However, the limited power of attorney authorizing Ocwen Financial to act on behalf of the plaintiff, which was submitted by the plaintiff in support of its motion, states that it was executed on and effective as of September 17, 2014.
Further, the plaintiff failed to establish, prima facie, that it complied with a condition precedent contained in the mortgage agreement, requiring the lender to send a notice of default prior to the commencement of the action. The plaintiff's submission failed to show that the required notice was sent to the defendants by first-class mail or actually delivered to the notice address if sent by other means, as required by the terms of the mortgage agreement (see Emigrant Bank v Myers, [*4]147 AD3d 1027, 1028). While the plaintiff attempted to remedy this deficiency in its reply papers, even assuming that its reply affidavit may properly be considered (see Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664-665; cf. U.S. Bank N.A. v Laino, 172 AD3d 947, 948), that affidavit contained no assertion by the affiant that she had any personal knowledge of the actual mailing or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Tiburcio, 197 AD3d 528, 530; LNV Corp. v Sofer, 171 AD3d 1033, 1037).
The parties' remaining contentions are either without merit or academic in light of our determination.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, regardless of the sufficiency of the defendants' opposing papers (see Bank of Am., N.A. v Bittle, 168 AD3d at 658; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1051).
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court