U.S. Bank N.A. v Baptiste (2022 NY Slip Op 05883)

U.S. Bank N.A. v Baptiste

2022 NY Slip Op 05883

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-10006
 (Index No. 523132/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Vernon Baptiste, et al., respondents, et al., defendants.

Blank Rome LLP, New York, NY (Alina Levi and Fancis X. Crowley of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated August 1, 2019. The order, insofar as appealed from, granted that branch of the cross motion of the defendants Vernon Baptiste and Nevlyn Baptiste which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendants Vernon Baptiste and Nevlyn Baptiste which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred is denied.
In November 2017, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Brooklyn against, among others, the defendants Vernon Baptiste and Nevlyn Baptiste (hereinafter together the defendants). The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and the defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted
against them as time-barred. In an order dated August 1, 2019, the Supreme Court, inter alia, granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Scarso v Wilmington Sav. Fund Socy., FSB, 200 AD3d 817, 818; U.S. Bank N.A. v Davids, 197 AD3d 1203, 1204). In the case of an installment loan, a separate cause of action accrues as to each missed payment, but once the debt is accelerated, the entire amount is due and the limitations period begins to run on the entire debt (see U.S. Bank N.A. v Davids, 197 AD3d at 1204; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[W]here the maturity of the debt has been validly accelerated by [the] commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19; see Scarso v Wilmington Sav. Fund Socy., FSB, 200 AD3d at 819).
Here, the defendants are not entitled to summary judgment dismissing the complaint insofar asserted against them as time-barred (see e.g. Scarso v Wilmington Sav. Fund Socy., FSB, 200 AD3d at 819; U.S. Bank N.A. v Davids, 197 AD3d at 1204-1205). Although the defendants submitted evidence that the mortgage debt was accelerated in 2010 in a prior action (hereinafter the first action), included in that evidence was an affirmation submitted by the plaintiff in the first action in support of its motion, inter alia, to discontinue that action and the order granting that motion. The voluntary discontinuance of the first action revoked the acceleration of the debt (see e.g. Freedom Mtge. Corp. v Engel, 37 NY3d at 19; Scarso v Wilmington Sav. Fund Socy., FSB, 200 AD3d at 819). Likewise, the submission by the defendants of evidence demonstrating that a second action to foreclose this same mortgage was commenced by the plaintiff in December 2011 (hereinafter the second action) and dismissed in July 2017, failed to establish, prima facie, that this action was time-barred. The second action again accelerated the entire debt (see e.g. U.S. Bank N.A. v Davids, 197 AD3d at 1204-1205; U.S. Bank Trust, N.A. v Boktor, 193 AD3d 474, 475). However, since this action was commenced within six years of the acceleration of the debt in the second action, the defendants failed to establish, prima facie, that the statute of limitations barred this action (see e.g. U.S. Bank Trust, N.A. v Boktor, 193 AD3d at 475).
The parties' remaining contentions either are not properly before this Court, have been rendered academic in light of our determination, or are without merit.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court