Bank of N.Y. Mellon v Shurko (2022 NY Slip Op 05976)

Bank of N.Y. Mellon v Shurko

2022 NY Slip Op 05976

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2018-12887 
2018-13658
 (Index No. 508916/16)

[*1]Bank of New York Mellon, etc., respondent,
v
Eric Shurko, et al., defendants, Adam Plotch, appellant.

Villanti Law Group, PLLC, Brooklyn, NY (Christopher Villanti of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Adam Plotch appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated September 12, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Adam Plotch, to strike that defendant's answer and affirmative defenses, and for an order of reference, and denied that branch of that defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In May 2009, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced an action (hereinafter the 2009 action) to foreclose a mortgage securing a condominium unit in Brooklyn against, among others, Eric Shurko (hereinafter the borrower) and the condominium's Board of Managers (hereinafter the Condo Board). The 2009 action was discontinued pursuant to a stipulation dated September 22, 2009.
In June 2010, the Bank of New York as Trustee for SAMI 2006-AR8 (hereinafter Bank of New York), successor in interest to Wells Fargo, commenced an action (hereinafter the 2010 action) against the borrower and the Condo Board, among others, to foreclose the mortgage. The Condo Board cross-claimed pursuant to Real Property Law § 339-z to foreclose a lien for unpaid common charges and obtained a judgment of foreclosure and sale in its favor. In April 2015, the premises was sold at public auction pursuant to that judgment. The defendant Adam Plotch (hereinafter the defendant) was the successful bidder, and title to the premises, as encumbered, was conveyed to him pursuant to a referee's deed. In an order dated December 31, 2015, the Supreme Court, among other things, denied Bank of New York's motion for a judgment of foreclosure and [*2]sale, and granted those branches of the defendant's cross motion which were for leave to intervene in the action and to dismiss the complaint on the ground that Bank of New York's motion was untimely.
In May 2016, Bank of New York Mellon, formerly known as Bank of New York (hereinafter the plaintiff), commenced this action against the borrower, the defendant, and the Condo Board, among others, to foreclose the mortgage. In August 2016, the plaintiff served a supplemental summons and amended complaint. The defendant interposed an answer to the amended complaint, in which he asserted various affirmative defenses, including that the action was barred by the statute of limitations.
In April 2018, the plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant cross-moved, among other things, pursuant to CPLR 3211(a)(1) and (5) to dismiss the amended complaint insofar as asserted against him on the ground that the action was time-barred. In an order dated September 12, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference, and denied that branch of the defendant's cross motion which was to dismiss the amended complaint insofar as asserted against him as time-barred. In a second order, also dated September 12, 2018, the court, among other things, granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals from both orders.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867 [internal quotation marks omitted]; see J.P. Morgan Mtge. Acquisition Corp. v Gonzalez, 205 AD3d 695). "Where acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32; see U.S. Bank N.A. v Davids, 197 AD3d 1203, 1204).
Contrary to the plaintiff's contention, under the circumstances here, the defendant had standing to assert a defense based on the statute of limitations (see Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 574; U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483). Nonetheless, the plaintiff established, prima facie, that this action was timely commenced. The plaintiff demonstrated that, although the mortgage debt was accelerated in May 2009, when the 2009 action was commenced, the debt was de-accelerated less than six years later when the 2009 action was voluntarily discontinued pursuant to the stipulation dated September 22, 2009 (see Freedom Mtge. Corp. v Engel, 37 NY3d at 31; Wilmington Sav. Fund Socy., FSB v Heampstead Prop. Ventures II, LLC, 205 AD3d 843), and that, although the debt was again accelerated in June 2010, when Bank of New York commenced the 2010 action, this action, commenced in May 2016, less than six years later, was timely. Contrary to the defendant's contention, an April 2010 notice of intent to accelerate, which was sent to the borrower, did not serve to accelerate the debt, as it was "merely an expression of future intent that fell short of an actual acceleration" (U.S. Bank N.A. v Singer, 192 AD3d 1182, 1187; see Freedom Mtge. Corp. v Engel, 37 NY3d at 27). In opposition, the defendant failed to raise a triable issue of fact.
The plaintiff also established, prima facie, the borrower's default in payment under the terms of the note and mortgage by submitting the affidavit of an employee of the plaintiff's servicing agent and attorney-in-fact, to which were annexed payment records for the loan underlying the mortgage (see Bank of Am., N.A. v Bloom, 202 AD3d 736, 737). In opposition, the defendant failed to raise a triable issue of fact as to the default.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court