Bank of N.Y. Mellon v Stewart (2023 NY Slip Op 02487)

Bank of N.Y. Mellon v Stewart

2023 NY Slip Op 02487

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-13971
 (Index No. 50883/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Denise Stewart, et al., appellants.

Michael Kennedy Karlson, New York, NY, for appellants.
Akerman LLP, New York, NY (Jordan M. Smith and Scott B. Brenner of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Denise Stewart and Dexter Cummings appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated November 25, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (Christine A. Sproat, J.) dated March 31, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Denise Stewart and Dexter Cummings, to strike those defendants' answer, and for an order of reference, and denying the cross-motion of those defendants pursuant to CPLR 3025(b) for leave to amend their answer to clarify their affirmative defense based upon the statute of limitations and their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and upon an order of the same court (Edward T. McLoughlin, J.) dated November 25, 2019, inter alia, granting those branches of the plaintiff's motion which were to vacate so much of an order of the same court dated January 4, 2019, as, sua sponte, directed dismissal of the complaint, and for leave to renew its prior motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been denied in the order dated January 4, 2019, and upon renewal, vacating the determination in the order dated January 4, 2019, denying the prior motion, and thereupon, granting the prior motion, granted the same relief to the plaintiff as the order dated November 25, 2019, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Denise Stewart and Dexter Cummings, to strike those defendants' answer, and for an order of reference are denied, the cross-motion of the defendants Denise Stewart and Dexter Cummings pursuant to CPLR 3025(b) for leave to amend their answer to clarify their affirmative defense based upon the statute of limitations and their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage is granted, that branch of the plaintiff's motion which was for leave to renew its prior motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, so much of the order dated January 4, 2019, as denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is reinstated, and the orders dated March 31, 2016, and November 25, 2019, are modified accordingly.
On October 20, 2006, the defendant Denise Stewart executed a note in favor of Residential Home Funding Corp. in the sum of $347,500. The note was secured by a mortgage executed by Stewart and the defendant Dexter Cummings (hereinafter together the defendants) on real property located in Poughkeepsie. On June 28, 2007, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2007 action). That action was voluntarily discontinued on September 11, 2012. In October 2014, the plaintiff commenced this action to foreclose the mortgage. The defendants interposed an answer, asserting a counterclaim and various affirmative defenses, including failure to comply with RPAPL 1304 and expiration of the statute of limitations. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion and cross-moved pursuant to CPLR 3025(b) for leave to amend their answer to clarify their affirmative defense based upon the statute of limitations and their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In an order dated March 31, 2016, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion. In an order dated January 4, 2019 (hereinafter the January 2019 order), the court denied the plaintiff's third motion to confirm the referee's report and for a judgment of foreclosure and sale and, sua sponte, directed dismissal of the complaint.
The plaintiff subsequently moved, inter alia, to vacate so much of the January 2019 order as, sua sponte, directed dismissal of the complaint, and for leave to renew its prior motion to confirm the referee's report and for a judgment of foreclosure and sale. The Supreme Court, among other things, granted those branches of the plaintiff's motion, and, upon renewal, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated November 25, 2019, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendants appeal.
Pursuant to CPLR 213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915; GSR Mtge. Loan Trust v Epstein, 205 AD3d 891, 892). Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt (see Bank of N.Y. Mellon Corp. v Alvarado, 189 AD3d 1149, 1150; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage (see Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821; hereinafter FAPA) amended CPLR 213(4) by adding, among other things, paragraph (a), which provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated."
In Freedom Mtge. Corp. v Engel (37 NY3d 1, 32), the Court of Appeals held that "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder." Accordingly, the Court held that the statute of limitations did not bar actions to foreclose certain mortgages because the accelerations of those mortgages that occurred by virtue of the filing of prior foreclosure actions were revoked by the voluntary discontinuances of the prior actions (see id. at 33-35). However, FAPA had the effect of nullifying this particular holding in Engel. FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that "[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by [*2]statute."
Here, the plaintiff contends that this action was timely commenced because it did not have standing to commence the 2007 action, and, in any event, it voluntarily discontinued the 2007 action, thereby revoking the acceleration of the debt. However, since the 2007 action was voluntarily discontinued, and, therefore, was not dismissed "based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (id. § 213[4][a]), the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the 2007 action based on the plaintiff's lack of standing (see id.). Additionally, the voluntary discontinuance of the 2007 action did not act, "in form or effect, [to] waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim" (id. § 3217[e]). Therefore, the plaintiff failed to establish, prima facie, that this action is not time-barred.
Additionally, "[s]trict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Krakoff, 199 AD3d 859, 863 [internal quotation marks omitted]). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]). Here, the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304. The affidavit of Cynthia Wallace, an officer of Specialized Loan Servicing, LLC (hereinafter SLS), the plaintiff's loan servicer, was insufficient to establish that the plaintiff complied with RPAPL 1304. Wallace attested that she was familiar with the types of records maintained by SLS in connection with the loan, that she had personal knowledge of the procedures for creating the records, and that the plaintiff mailed the notices, but she failed to attest that she personally mailed the notices or that she was familiar with the mailing practices and procedures of the plaintiff or SLS. Therefore, Wallace failed to establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see id.). The plaintiff also failed to submit any domestic return receipts or other documentation proving the certified and first-class mailings (see U.S. Bank N.A. v Offley, 170 AD3d 1240).
Contrary to the defendants' contention, the Supreme Court properly granted that branch of the plaintiff's motion which was to vacate so much of the January 2019 order as, sua sponte, directed dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839). As no such extraordinary circumstances were present in this case to warrant the sua sponte dismissal of the complaint, the court properly vacated so much of the January 2019 order as, sua sponte, directed dismissal of the complaint.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference. The court also should have granted the defendants' cross-motion pursuant to CPLR 3025(b) for leave to amend their answer to clarify their affirmative defense based upon the statute of limitations and their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In light of our determination, we need not reach the defendants' remaining contentions.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court