Pennymac Corp. v Erneste (2023 NY Slip Op 23411)

[*1]

Pennymac Corp. v Erneste

2023 NY Slip Op 23411

Decided on December 6, 2023

Supreme Court, Queens County

Grays, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 6, 2023
Supreme Court, Queens County

Pennymac Corp., Plaintiff(s),

against
Glenda Erneste, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, ANTONIA ADEDEJI, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AEGIS FUNDING CORPORATION, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, MARY ERNESTE the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint, Defendant(s).

Index No. 707508/2017

Attorneys for Plaintiff:
Vallely Law, PLLC
Natalia Thomas
6851 Jericho Tpke, Suite 105
Syosset, NY 11791 
(516) 386-3900
Attorneys for Defendant Glenda Erneste: 

Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP
Matthew J. Routh Esq. 
80-02 Kew Gardens Road, Suite 600 
Kew Gardens, New York 11415 
Tel: (718) 263-6800 

Marguerite A. Grays, J.

By Notice of Motion, filed January 12, 2023, defendant Glenda Erneste (defendant) moves for an Order: (1) granting summary judgment in her favor pursuant to CPLR §3212, or alternatively, (2) dismissing the Complaint with prejudice as time-barred, pursuant to CPLR §3211 (a) (5) and CPLR §213 (4), or alternatively, (3) pursuant to CPLR §3211(a) (7) and CPLR §3211 (a) (1), dismissing the Complaint for failure to state a cause of action, and (4) canceling the lis pendens for the subject premises. By Notice of Cross-Motion, filed on March 22, 2023, plaintiff, Pennymac Corp, (plaintiff) cross-moves for an Order: (1) denying the defendant's motion in its entirety; (2) granting the plaintiff summary judgment for the relief demanded in the Complaint pursuant to CPLR §3212; (3) striking the defendant's Answer and dismissing her Counterclaims; (4) deeming all non-appearing and non-answering defendants in default pursuant to CPLR §3215 (a); (5) amending the caption to substitute Revolve Capital Group LLC for Pennymac Corp; (6) appointing a referee to compute sums due and report; and (7) awarding cost of this motion to the plaintiff. Relevant Background and Procedural History
On or about November 12, 2009, the plaintiff's predecessor in interest, Residential Funding Company, LLC, commenced an action against the instant defendant, declaring the entire unpaid balance of the loan immediately due and payable (see Residential Funding Company, LLC v Glenda Erneste, et al., index no. 30326/2009 [Sup Ct Queens Co]). On August 1, 2013, that plaintiff voluntarily discontinued that action with the filing of an Affidavit of Discontinuance. By letter dated June 2, 2014, the instant plaintiff advised the defendant that the subject loan that was previously accelerated was "de-accelerated" and that the loan was re-instituted as an installment loan.
The instant action commenced with the filing of a Summons, Complaint, and Notice of Pendency to foreclose the real residential property located at 219-10 Edgewood Avenue, Springfield Gardens, New York 11413. On or about March 1, 2018, plaintiff moved for a second time for a default judgment, an Order of Reference, and to amend the caption and Complaint, which was granted by Decision and Order dated May 18, 2018. On January 22, 2020, the defendant appeared and moved to vacate the default and dismiss the Complaint for lack of personal jurisdiction. On February 22, 2022, the defendant's motion was granted to the extent of vacating the default, and the matter was set for a traverse hearing. On December 28, 2022, the defendant filed an Answer to the Complaint with Counterclaims with an extension of the plaintiff's time to complete service. The Answer includes the defense that this action is barred by the expiration of the statute of limitations. A Reply to the Counterclaims was filed on January 12, 2023. The instant motion and cross-motion followed.

Discussion
In support of her motion and in opposition to the cross-motion, the defendant argues that she is entitled to summary judgment as a matter of law because this action is time-barred by the six-year statute of limitation under CPLR §213, given the acceleration of the subject mortgage in 2009. The defendant relies on the passage of the Foreclosure Abuse Prevention Act (FAPA) on December 30, 2022, to assert that the plaintiff cannot unilaterally revoke acceleration through prior discontinuance. The defendant maintains that the plaintiff had until November 13, 2015, to commence another foreclosure action against her and failed to do so timely.
Alternatively, the defendant argues that this action should be dismissed for failure to state a cause of action given the statute of limitation violation. Plaintiff commenced this action on June 1, 2017. The defendant affirms that the previously filed case unambiguously and irrefutably accelerated the mortgage, and consequently, the Complaint fails to state a cause of action. The defendant also argues that the plaintiff concedes application of FAPA in its opposition and that the law requires dismissal on statute of limitations grounds.
In support of its cross-motion and in opposition to defendants' motion, the plaintiff argues that the instant action was timely commenced because FAPA's retroactive application is unconstitutional. The plaintiff also asserts that it relied on the existing case law at that time and sent a de-acceleration letter on June 2, 2014, to the defendant within the six-year tolling of the statute of limitations. The plaintiff posits that it has a contractual right to de-accelerate the subject mortgage. The plaintiff contends that it has made a prima facie showing for entitlement to a judgment by producing the Mortgage, Note, and evidence of the default. It is also asserted that the defendant's general denial is insufficient to rebut and defeat its motion for summary judgment. The plaintiff posits that each of the defenses raised in the answer lack merit and that it has unequivocally demonstrated its standing to maintain this action. The plaintiff also maintains that it established, through documentary evidence, compliance with all the requisite steps for entitlement to summary judgment. Similarly, the plaintiff argues that the defendant's Counterclaims lack merit, are boilerplate, and are time-barred.
In New York, "once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt" (Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002 [2020] citation omitted). In December 2022, FAPA was passed to specifically overturn Freedom Mtge. Corp. v Engel, 37 NY3d 1 [2021], which held that "the statute of limitations did not bar actions to foreclose certain mortgages because the accelerations of those mortgages that occurred by virtue of the filing of prior foreclosure actions were revoked by the voluntary discontinuances of the prior actions" (Bank of NY Mellon v Stewart, 216 AD3d 720, 723 [2023]). On December 30, 2022, FAPA took immediate effect, applying to all actions concerning instruments described in CPLR §231 (4) in which a final Judgment of Foreclosure and Sale had not been enforced (2022 McKinney's Sess Law News of NY, ch 821, sec. 10). As stated therein, the purpose and intent of the FAPA is "to clarify the existing law and overturn those decisions that have strayed from legislative prescription and intent." Specifically, the Bill provides that its aim is:
 to thwart and eliminate abusive and unlawful litigation tactics 
 that have been employed by foreclosure plaintiffs to the prejudice of 
 homeowners throughout New York. That some of these tactics have been sanctioned by the judiciary has resulted in perversion of longstanding law and created an unfair playing field that favors the mortgage banking and servicing industry at the expense of everyday New Yorkers."
(New York State Senate Bill S5473D Sponsor Memorandum). The act seeks to clarify and codify existing law and is remedial in nature (id.). Under FAPA, "even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt" (Bank of NY Mellon v Stewart, at 722). The law amended several statues, including RPAPL §1301 (4), GOL 17-105 (4), CPLR §203 (h), CPLR §205-a, CPLR §213 (4), and CPLR §3217 (e) (see Bayview Loan Servicing, LLC v Dalal, 2023 NY Slip Op 23277, at 2 [Sup Ct Bronx County]).
Under CPLR §3211 (a) (5), a cause of action may not be maintained where the applicable Statute of Limitations has expired. Pursuant to CPLR §213 (4), where a prior action was commenced, a plaintiff is estopped from asserting that a debt was not validly accelerated where the Statute of Limitation has expired, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated. Under CPLR §3217 (e), "[i]n any action on an instrument described under subdivision four of section two hundred thirteen of this chapter, the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute."
Additionally, pursuant to CPLR §203 (h), once a cause of action to foreclose a mortgage of real property has accrued, "no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute." Under RPAPL §1301 (4), "[i]f an action to foreclose a mortgage or recover any part of the mortgage debt is adjudicated to be barred by the applicable statute of limitations, any other action seeking to foreclose the mortgage or recover any part of the same mortgage debt shall also be barred by the statute of limitations."

 Application
As has been held, the plain language in FAPA provides that "a voluntary discontinuance does not reset the applicable six-year statute of limitations" (Article 13, LLC v Ponce de Leon Fed. Bank, 2023 US Dist LEXIS 140580, citing Deutsche Bank Natl. Trust Co. v Dagrin, 79 Misc 3d 393 [2023]). Relying on FAPA, this Department has held that neither a lender's voluntary discontinuance of a prior case nor a claim of lender's lack of standing in that prior action could bar application of the statute of limitations, which required dismissal of the proceeding (Bank of NY Mellon v Stewart, 216 AD3d 720). In this Department, where a prior action was voluntarily discontinued, a lender is estopped from asserting that a debt was not validly accelerated where there was no expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated by the commencement of the prior action based on the plaintiff's lack of standing (Bank of NY Mellon v Stewart, at 723, citing CPLR § 213(4)). The voluntary discontinuance of a prior action does not act "in form or effect, [to] waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim" (id., at 723). Similarly, under GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915 [2023]), the rule in this Department is that the unilateral voluntary discontinuance of a prior action alone does not serve to reset the statute of limitations as required by FAPA.
In this case, the plaintiff relies on its voluntary discontinuance of the 2009 action to reset the statute of limitations. However, the controlling law is that the lender cannot unilaterally retract acceleration of the mortgage with the filing of a voluntary discontinuance (see Bank of NY Mellon v Stewart, 216 AD3d 720, GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, Sycp, LLC v. Evans, 217 AD3d 707 [2023], MTGLQ Invs., L.P. v Singh, 216 AD3d 1087 [2023]). The plaintiff's predecessor in interest elected to call all sums due in the prior 2009 action, and the loan was accelerated. The defendant also established that this action commenced more than six years from the time the statute of limitations began to accrue and that there is no basis in law to toll the statute of limitations. The plaintiff has failed to show that the statute of limitations was tolled with the filing of its unilateral voluntary discontinuance with application of FAPA, as conceded. The voluntary discontinuance did not "in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (ARCPE 1, LLC v DeBrosse, 217 AD3d 999, at 1001-1002 [2023] citing CPLR §3217 (e), CPRL §203 (h), GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917). Consequently, the defendant is entitled to dismissal pursuant to CPRL §213 (4). The defendant's motion to dismiss on CPLR §3211 and §3212 grounds is granted, and the lis pendens attached to the subject premises is cancelled.

 Retroactivity
New York Courts have held that the FAPA is retroactive, and the Second Department has consistently applied the law retroactively (see Nationstar Mtge., LLC v Naar, 2023 NY Slip Op 50909(U)14 [2023], citing Bank of NY Mellon v Stewart, 216 AD3d 720, ARCPE 1, LLC v DeBrosse, 217 AD3d 999; HSBC Bank USA, N.A., as Trustee of Ace Securities Corp. Home Equity Loan Trust v IPA Asset Mgmt., LLC, 79 Misc 3d 821, 825-26 [2023], see also, FV-1, Inc. v Palaguachi, FV-1, Inc. v Palaguachi, 2023 NY Slip Op 32684(U) [Sup Ct Queens County], specifically holding that FAPA is retroactive). The language of the statute makes it clear that FAPA is intended to apply retroactively to prevent lenders and loan servicers from abusing and manipulating the statute of limitations to their advantage (see Bayview Loan Servicing, LLC v Dalal, 2023 NY Slip Op 23277). A Judgment of Foreclosure and Sale has not been enforced in this case, and the action is pending. Therefore, FAPA applies and bars the tolling of the statute of limitation through the plaintiff's unilateral deceleration of the loan (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915).

Constitutionality
To establish a violation of the contract clause, there must be a substantial impairment of a contractual right (Consumers Union of U.S., Inc. v State, 5 NY3d 327 [2005]). "[W]here there is no existing contractual agreement regarding the terms changed by the legislation, there is no need to consider whether there was in fact an impairment and whether it was substantial" (id, at 359). There is no constitutional violation herein, as there is no showing the plaintiff had a contractual right to unilaterally decelerate the subject loan. The terms of the subject loan do not include the plaintiff's right to unilaterally cancel acceleration. Consequently, the plaintiff fails to show that there was a taking of a substantial right (see id, see also, HSBC Bank USA, N.A. v IPA Asset Mgt., LLC, 79 Misc 3d 821, holding that FAPA did not take any vested rights of the plaintiff). In this case, there is no evidence that the plaintiff's contractual rights were impaired.
The FAPA is remedial in nature and was passed to clarify and enforce existing law that [*2]mandates a six-year statute of limitation in foreclosure cases (see Bayview Loan Servicing, LLC v Dalal, 2023 NY Slip Op 23277, citing Deutsche Bank Natl. Trust Co. v Dagrin, 79 Misc 3d 393, [Sup Ct Queens County 2023], U.S. Bank Trust, N.A. v Miele, 2023 NY Slip Op 23186 [Sup Ct Westchester County]). The FAPA serves to limit "the methods which a plaintiff in a foreclosure action can reset the accrual date" and extend the statute of limitations beyond the six-year period (id.). As has been held, under the instant circumstance, FAPA does not violate the federal or state constitution or any due process right (id.). Further, there is a strong presumption that the legislation is constitutional (see White v. Cuomo, 38 NY3d 209 [2022], see also, FV-1, Inc. v Palaguachi, 2023 NY Slip Op 32684(U), HSBC Bank USA, N.A. v IPA Asset Mgt., LLC, 79 Misc 3d 821). The cases cited by the plaintiff to argue that the retroactive application of FAPA violates the constitution or infringes on the Bill of Attainder or Contract Clauses are inapplicable and inapposite to the facts and law herein. The plaintiff's evidence, or lack thereof, does not defeat the statute's constitutionality. Consequently, the FAPA applies, and the statute of limitations was not tolled.
Moreover, as has been held, "FAPA did not shorten the six-year statute of limitations and, since it only applies when a final judgment had not yet been entered, the legislation did not affect a party's vested property rights" (Bayview Loan Servicing, LLC v Dalal, 2023 NY Slip Op 23277, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v Miele, 2023 NY Slip Op 23186, HSBC Bank USA, N.A., as Trustee of Ace Securities Corp. Home Equity Loan Trust v IPA Asset Mgmt., LLC, 79 Misc 3d 821). Consequently, the plaintiff's cross-motion based on constitutional and due process grounds is denied in its entirety. The remainder of the plaintiff's cross-motion is also denied. The action is time-barred pursuant to CPRL §213 (4), and the defendant is entitled to dismissal.

Conclusion
The Court has considered the parties' remaining contentions and finds them without merit. Accordingly, the defendant's motion to dismiss on CPLR §3211 and §3212 grounds is granted, and the lis pendens attached to the subject premises is cancelled. The plaintiff's cross-motion is denied. All relief not expressly granted herein is denied.
Settle Order.
Date: December 6, 2023
MARGUERITE A. GRAYS
J.S.C.