| Wells Fargo Bank, N.A. v Segall |
|---|
| 2024 NY Slip Op 30379(U) |
| January 31, 2024 |
| Supreme Court, Rockland County |
| Docket Number: Index No. 35642/2018 |
| Judge: Keith J. Cornell |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

------------------------------------------------------------------------- X

WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION :
ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED
CERTIFICATES, SERIES 2007-4,                                  :        Index No.: 35642/2018

                                Plaintiff

                                                  :

          -against-                                              :        DECISION AND ORDER

STEPHEN L. SEGALL a/k/a STEPHEN SEGALL, WENDY :
S. SEGALL, AMERICAN EXPRESS TRAVEL RELATED
SERVICES, INC., TRIBECA ASSET MAANGEMENT, LLC, :
CAPITAL ONE BANK (USA), N.A., ONE HOUR FUNDING
HOLDING, INC., MIDLAND FUNDING, LLC, NEW YORK :
STATE COMMISIONER OF TAXATION AND FINANCE,
UNITED STATES OF AMERICA- INTERNAL REVENUE :
SERVICE, AAA EQUPMENT RENTALS, INC., WHITE
PINES HOLDING, LLC, PEOPLE OF THE STATE OF NEW :
YORK, SCALISE & HAMILTON, LLP, ROCKLAND
COUNTY DEPARTMENT OF SOCIAL SERVICES, "JOHN :
DOE #1" through "JOHN DOE #12," the last 12 names being
fictitious and unknown to plaintiff, the persons or parties :
intended being the tenants, occupants, persons or corporations,
if any, having or claiming an interest in or lien upon the subject :
property described in the complaint,

                                                       :

                                    Defendants.

------------------------------------------------------------------------- X

**Hon. Keith J. Cornell, AJSC:**

        The Court has before it the motion (#3) of WELLS FARGO BANK, N.A., AS TRUSTEE

FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES,

SERIES 2007-4 ("Plaintiff") for summary judgment and other relief and the cross-motion (#4) of

Stephen Segall ("Defendant") pursuant to CPLR §2221 to renew the motion for summary

judgment and pursuant to CPLR §3212 for summary judgment dismissing this action as barred by

the applicable statute of limitations. The following documents were considered:

[* 1]

Motion 3 - NYSCEF Docs. 135-169
Notice of Motion, Affirmation of Leah N. Jacob, Esq., with Exhibits 1-10; Affidavit of Benjamin Verdooren, with Exhibits A-S, Memorandum of Law in Support

Motion 4 NYSCEF Docs. 171-185
Notice of cross-motion, Affirmation of Joseph J. Haspel, Esq., Affidavit of Stephen Segall with Exhibits A-F, Memorandum of law in opposition to cross-motion and in further support of motion, Memorandum of Law in Reply

***Relevant Background and Procedural History***

On or about December 8, 2006, Stephen L. Segall and Wendy S. Segall duly executed and delivered a note wherein they promised to repay the sum of $516,750.00 in monthly payments. To secure the note, they duly executed a mortgage on the property known as 41 Cranford Drive, New City, NY 10956. On or about March 1, 2009, Defendants allegedly defaulted in making payments on the note.

On June 10, 2009, an action was commenced to foreclose the mortgage under Index No. 5545/2009 (the "2009 Action"). On December 24, 2010, while the first action was still pending, a second foreclosure action was commenced to foreclose on the mortgage under Index No. 15321/2010 (the "2010 Action"). Plaintiff voluntarily discontinued the 2009 Action on October 5, 2011, due to, what Plaintiff termed, "a recently discovered issue with the Assignment of Mortgage." (NYSCEF 142). Plaintiff voluntarily discontinued the 2010 Action on June 27, 2013, due to, what Plaintiff termed, "the discovery of an unrecorded loan modification." (NYSCEF 143).

On January 21, 2015, a third foreclosure action was commenced to foreclose on the mortgage under Index No. 30271/2015 (the "2015 Action"). The 2015 Action was dismissed by decision and order, dated July 19, 2017, based on a finding that Plaintiff failed to comply with RPAPL § 1304 (NYSCEF 144).

[* 2]

On September 20, 2018, Plaintiff commenced this fourth action for foreclosure. On January 4, 2019, Defendant Stephen L. Segall filed his Answer, which contained the affirmative defense of the expiration of the statute of limitations and a counterclaim to quiet title. No other defendants filed answers. Plaintiff filed for summary judgment on October 18, 2019. (Motion #1; NYSCEF 56-88; 112; 115; 121-122). On February 4, 2020, Defendant filed a cross-motion for summary judgment on the counterclaim. (Motion #2; NYSCEF 93-110; 113-114; 120). The motion and cross-motion were marked submitted on October 23, 2020.

On February 22, 2021, Plaintiff filed a notice to inform the Court that the Court of Appeals had decided Freedom Mortg. Corp. v. Engle, 37 N.Y.3d 1 (2021), which held that the six-year statute of limitations applicable to a foreclosure action could be reset by the voluntary, unilateral discontinuance of the action by the plaintiff. See id. at 32 ("[W]here acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder.") On October 20, 2022, relying on Engle, this Court denied the cross-motion. (NYSCEF 131). The Court denied default judgment as to the remaining non-answering defendants because Plaintiff failed to provide admissible evidence of the borrowers' default. (NYSCEF 131 at 3-4). The same lack of admissible proof also prevented the Court from granting summary judgment as to Defendant Stephen Segall. The Court directed Plaintiff that its next motion must include a statement (and argument) as to why the Court should not toll interest on the loan between October 18, 2019 and October 20, 2022 as a sanction for bringing a facially defective motion.

3

[* 3]

On July 5, 2023, Plaintiff filed again for summary judgment. On July 15, 2023, Defendant Stephen Segall filed a cross-motion seeking leave to renew his motion for summary judgment against Plaintiff based on the statute of limitations defense.

### Discussion

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law by tendering sufficient admissible evidence to eliminate any material issues of fact from the case. See Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 (1957). The movant bears the burden of proving entitlement to summary judgment, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers. See Winegrad v. New York Univ. Med. Ctr., 64 N.Y.2d 851 (1985). Once sufficient proof has been offered, the burden then shifts to the opposing party who, in order to defeat the motion for summary judgment, must proffer evidence in admissible form that raises a triable issue of fact. See Zuckerman v. City of New York, 49 N.Y.2d 557 (1980). Mere conclusions or allegations unsupported by competent evidence are insufficient to raise a triable issue. See id.

A motion to renew pursuant to CPLR §2221(e)(2) shall demonstrate that there has been a change in the law that would change the prior determination. Here, it is without doubt that the substantive law has changed since this Court decided the prior set of motions for summary judgment.

An action to foreclose on a mortgage is subject to a six (6)-year statute of limitations. See CPLR § 213(4). Because a mortgage is typically payable in installments, a separate cause of action accrues as to each installment that is not paid, and the statute begins to run from the respective due date for each installment. See, e.g., Wells Fargo Bank, N.A. v. Burke, 94 A.D.3d 980, 982 (2d

4

[* 4]

Dept. 2012). However, when the mortgage holder elects to accelerate the debt and declares the entire unpaid balance to be immediately due and payable, the statute of limitations begins to run on the entire debt. See Fed. Natl. Mtge. Assn. v. Mebane, 208 A.D.2d 892, 894 (2d Dept. 1994). To trigger the start of the statute of limitations, the election to accelerate the entire debt must be clear and unequivocal. "[T]he commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage," constitutes such a clear and unequivocal acceleration. Bank of NY Mellon v. Stewart, 216 A.D.3d 720, 722 (2d Dept. 2012).

In 2021, the Court of Appeals held in Engle, 37 N.Y.3d at 32, that a plaintiff could decelerate a debt and reset the statute of limitations by voluntarily discontinuing a foreclosure action. In December 2022, the New York State Legislature passed the Foreclosure Abuse Prevent Act ("FAPA"). Pursuant to FAPA, once a mortgage debt is accelerated by the filing of action in foreclosure, no party may unilaterally reset the accrual of the statute of limitations. See CPLR §203(h); GMAT Legal Tit. Trust 2014-1 v. Kator, 213 A.D.3d 915, 917 (2d Dept. 2023) (FAPA had "the effect of nullifying" the holding in *Engel* that note holder could voluntarily, unilaterally revoke acceleration and reset statute of limitations).

Plaintiff argues that retroactive application of FAPA is unconstitutional in that it violates Plaintiff's rights under the Due Process Clause and the Contract Clause of both the New York State and the United States Constitutions. No Appellate Division has yet addressed the constitutionality of the retroactive application of FAPA. See Geneovese v. Nationstar Mtge. LLC, ___ A.D.3d___, 2023 NY Slip Op 06477 (1st Dept. 2023) (declining to consider constitutional challenge to FAPA due to failure of foreclosing party to notify Attorney General per CPLR § 1012(b)); ARCPE 1, LLC v. DeBrosse, 217 A.D.3d 999 (2d Dept. 2023) (declining to reach issues raised for first time

[* 5]

on appeal); Johnson v. Cascade Funding Mtge. Trust 2017-1, 220 A.D.3d 929 (2d Dept 2023) (remitting matter to Supreme Court, Putnam County, for consideration of constitutional arguments).

However, several lower courts have extensively addressed the issue in recent decisions and the majority have concluded that retroactive application of FAPA is constitutional. See, e.g., 195-197 Hewes LLC v. Citimortgage Inc., 2023 NY Slip Op 33931(U) (Sup. Ct. Kings Co.); Ditech Fin. LLC v. Naidu, 2023 NY Slip Op 23370 (Sup. Ct. Queens Co.); U.S. Bank Trust, N.A. v. Miele, 80 Misc.3d 839 (Sup. Ct. Westchester Co. 2023); Wells Fargo Bank NA v. Haq, 2023 NYLJ LEXIS 1431, NYLJ, Jun. 14, 2023 at p.17, col.3 (Sup. Ct. Richmond Co.); HSBC Bank USA, N.A. v. IPA Asset Mgt., LLC, 79 Misc 3d 821, 824-826, (Sup. Ct. Suffolk Co. 2023); Deutsche Bank National Trust Company v. Dagrin, et al., 2023 NY Misc. LEXIS 13056 (Sup. Ct. Queens Co.); Pennymac Corp. V. Erneste, ___Misc 3d___, 2023 NY Slip Op 23411 (Sup. Ct. Queens Co.); Bayview Loan Servicing, LLC v. Dalal, 80 Misc 3d 1100 (Sup Ct. Bronx Co. 2023).

To be sure, a number of courts have concluded that FAPA violates vested property rights. See,e.g., MTGLQ Invs., L.P. v Gross, 79 Misc 3d 353 (Sup Ct. Westchester Co. 2023); Deutsche Bank Natl. Trust Co. v. Warren, 2023 NY Slip Op 33504(U) (Sup. Ct. Queens Co.); U.S. Bank v. Johns, 2023 NYLJ LEXIS 2080 at *5 (Sup. Ct. Queens Co.) ("Retroactive application in this instance would deprive the mortgagee of their right to enforce their claim against the mortgagor in violation of its federal and state constitutional rights to due process of law."). These Courts have declined to apply FAPA to cases like the one before this Court.

"The acts of the Legislature are entitled to a strong presumption of constitutionality." American Economy Ins. Co. v. State of New York, 30 N.Y.3d 136, 149 (2017). Taking all the arguments into consideration, this Court sides with the majority of its sister Courts in concluding

6

[* 6]

that FAPA did not take any vested rights from Plaintiff, nor does it violate substantive or procedural due process or the Contract Clause. Instead, FAPA sought to reestablish the "finality and repose that statutes of limitations are meant to ensure." 2021 NY S.B. 5473 (committee report).

Here, there is no issue of fact as to whether Plaintiff commenced an action in foreclosure in June 2009, which it then discontinued in 2011. Pursuant to CPLR §203(h), the statute of limitations ran in June 2015. Therefore, the filing of this action in 2018 was barred by the statute of limitations and must be dismissed. And it is

ORDERED that Plaintiff's motion for summary judgment is DENIED with prejudice; and it is further

ORDERED that the cross-motion to amend the caption is dismissed as moot; and it is further

ORDERED that Defendant's motion for leave to renew is GRANTED; and it is further

ORDERED that Defendant's cross-motion for summary judgment is GRANTED and the instant action is DISMISSED as barred by the statute of limitations.

Dated: New City, New York
      January _31_, 2024

                                   HON. KEITH J. CORNELL
                                   Acting Justice Supreme Court

7

[* 7]