U.S. Bank N.A. v Hirschman (2025 NY Slip Op 04197)

U.S. Bank N.A. v Hirschman

2025 NY Slip Op 04197

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-09993
 (Index No. 519301/18)

[*1]U.S. Bank National Association, etc., appellant,
v
Lee Hirschman, et al., defendants, Adele Perl, et al., respondents.

LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for appellant.
Citak & Citak, New York, NY (Donald L. Citak of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 18, 2022. The order, insofar as appealed from, denied the plaintiff's motion for leave to renew its opposition to the prior motion of the defendants Adele Perl, Shalom Hirschman, and Vivian Hirschman to dismiss the complaint insofar as asserted against them, which had been granted in an order of the same court (Noach Dear, J.) dated March 26, 2019.
ORDERED that the order dated August 18, 2022, is affirmed insofar as appealed from, with costs.
In August 2008, the plaintiff's predecessor in interest commenced an action against the defendants Adele Perl, Shalom Hirschman, and Vivian Hirschman (hereinafter collectively the defendants), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn (hereinafter the 2008 foreclosure action). The Supreme Court subsequently granted the motion of the plaintiff's predecessor in interest to voluntarily discontinue the 2008 foreclosure action.
In September 2018, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants moved to dismiss the complaint insofar as asserted against them on the ground, inter alia, that the action was time-barred. The plaintiff opposed the motion. In an order dated March 26, 2019, the Supreme Court granted the defendants' motion.
In September 2021, the plaintiff moved for leave to renew its opposition to the defendants' prior motion to dismiss the complaint insofar as asserted against them. The plaintiff argued that renewal was warranted based on a change in the law since the order dated March 26, 2019, was issued. The defendants opposed the motion, contending, among other things, that it was untimely. In an order dated August 18, 2022, the Supreme Court, inter alia, denied the plaintiff's motion on the ground that it was untimely. The plaintiff appeals. We affirm so much of the order dated August 18, 2022, as denied the plaintiff's motion, albeit on a different ground than that relied [*2]upon by the Supreme Court.
Initially, contrary to the Supreme Court's determination, the plaintiff's motion, which was made prior to the entry of a final judgment in the action, was timely (see Dinallo v DAL Elec., 60 AD3d 620, 621; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364, 365-366; cf. Opalinski v City of New York, 205 AD3d 917, 919).
Nevertheless, the plaintiff's motion for leave to renew its opposition to the defendants' prior motion to dismiss the complaint insofar as asserted against them was properly denied. An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see U.S. Bank N.A. v Medianik, 223 AD3d 935, 937).
Here, in support of the defendants' prior motion to dismiss the complaint insofar as asserted against them on the ground, among other things, that the action was time-barred, the defendants demonstrated that the six-year statute of limitations began to run on the entire debt in August 2008, when the 2008 foreclosure action was commenced and the plaintiff's predecessor in interest elected to call due the entire amount secured by the mortgage (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). The defendants further demonstrated that the instant action was commenced in September 2018, more than six years later (see CPLR 213[4]; HSBC Bank USA, N.A. v Corrales, 224 AD3d at 818).
The plaintiff, relying upon Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]), contends that the voluntary discontinuance of the 2008 foreclosure action served to revoke the prior acceleration of the mortgage debt, and, therefore, the instant action is timely. However, the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 4 [eff Dec. 30, 2022]) amended CPLR 3217, which governs the voluntary discontinuance of an action, to provide that "[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (id. § 3217[e]; see Wells Fargo Bank, N.A. v Edwards, 231 AD3d 1189, 1193; Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 723). Thus, contrary to the plaintiff's contention, the voluntary discontinuance of the 2008 foreclosure action did not serve to reset the statute of limitations (see Wells Fargo Bank, N.A. v Edwards, 231 AD3d at 1193; HSBC Bank USA, N.A. v Corrales, 224 AD3d at 818-819).
The plaintiff's contentions challenging FAPA's retroactive application and constitutionality under the United States and New York Constitutions are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
The plaintiff's remaining contentions are also without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to renew its opposition to the defendants' prior motion to dismiss the complaint insofar as asserted against them.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court